1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR EUGENE JOHNSON,                    No.  2:13-cv-01873-KJM-KJN P

12                    Petitioner,

13        v.                                   ORDER and

14   BRIAN DUFFY, Warden,                      FINDINGS AND RECOMMENDATIONS

15                    Respondent.

16

17   I.  Introduction

18        Petitioner is a state prisoner proceeding with retained counsel in this fee-paid habeas

19   corpus action filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2005 conviction for

20   attempted murder and possession of a firearm by a felon.  Pending is respondent's motion to

21   dismiss the petition on the ground that it is successive, within the meaning of 28 U.S.C. §

22   2244(b), and has been filed in this court without authorization from the United States Court of

23   Appeals for the Ninth Circuit, as required by 28 U.S.C. § 2244(b)(3)(A).

24        For the reasons that follow, the undersigned recommends that respondent's motion be

25   granted.

26   II.  Preliminary Matter

27        By order filed January 31, 2013, this court directed petitioner's counsel, within fourteen

28   days, to "show cause for failing to timely file and serve an opposition, or statement of no

1

1  opposition, to the pending motion to dismiss, AND, if opposing the motion, [to] file and serve

2  such opposition." (ECF No. 15 at 2.)  On February 7, 2014, petitioner's counsel filed a

3  substantive statement in opposition to the motion, without addressing his reasons for previously

4  failing to file such opposition.

5         The court will discharge the order to show cause, but counsel is informed that his failure

6  to respond to the court's inquiry is a violation of court order.  Counsel is reminded that "[f]ailure

7  of counsel . . . to comply . . . with any order of the Court may be grounds for imposition by the

8  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

9  Court."  Local Rule 110.  Although the court will refrain from imposing sanctions at this time,

10 counsel is on notice that his adherence to the Local Rules and Federal Rules of Civil Procedure is

11 mandatory.

12 III.  Chronology

13        The relevant chronology in this action is as follows:

14        A.  Trial Court Proceedings and Direct Appeal

15        1.  On January 26, 2005, a jury found petitioner guilty of attempted murder and possession

16 of a firearm by a felon.  (Respondent's Lodged Document (Resp. Lgdg. Doc.) No. 1; see also

17 Petition (ECF No. at 1 at 4).)  The jury found true the allegations that petitioner personally used a

18 firearm and committed the offenses for the benefit of a street gang; and that a principal in the

19 attempted murder personally and intentionally discharged a firearm causing great bodily injury

20 for the benefit of a street gang.

21        2.  On June 9, 2005, petitioner filed a motion for new trial.

22        3.  On June 10, 2005, the trial court denied petitioner's motion for new trial, and

23 sentenced petitioner to a term of 59 years to life.

24        4.  On June 23, 2005, petitioner filed an appeal to the California Court of Appeal, Third

25 Appellate District (Case No. C050061), which was affirmed on August 21, 2006.

26        5.  On September 22, 2006, petitioner filed a petition for review in the California Supreme

27 Court (Case No. S146756), which was denied on December 13, 2006.  (Resp. Lgdg. Doc. No. 2.)

28 ////

2

1        B.  First Round of State Habeas Petitions

2        1.  On September 8, 2007, petitioner filed a petition for writ of habeas corpus in the

3    Sacramento County Superior Court (Case Nos. 07FO8791 and 04FO4374), which was denied on

4    December 21, 2007.  (Resp. Ldgd. Doc. No. 3; Petition (ECF No. 1 at 5; Exh. D).) [1]

5        2.  On February 15, 2008, petitioner filed a petition for writ of habeas corpus in the

6    California Court of Appeal, Third Appellate District (Case No. C058130), which was denied on

7    February 28, 2008.  (Resp. Ldgd. Doc. No. 4; Petition (ECF No. 1 at 5-6).)

8        3.  On March 21, 2008, petitioner filed a petition for writ of habeas corpus in the

9    California Supreme Court (Case No. S161995), which was denied on September 10, 2008 (Resp.

10   Ldgd. Doc. No. 5; Petition (ECF No. 1 at 5-6; Exh. E).)

11       C.  Prior Federal Habeas Proceedings

12       1.  In March 2009, petitioner filed a petition for writ of habeas corpus in this court.  (See

13   Johnson v. Yates, Case No. 2:09-cv-0850 JAM GGH P.)

14       2.  On March 31, 2010, the district judge adopted the magistrate judge's findings and

15   recommendations filed February 26, 2010.  The district court granted respondent's motion to

16   dismiss petitioner's ineffective assistance of counsel claim, on statute of limitations grounds, and

17   summarily dismissed plaintiff's factual innocence claims.  (Resp. Ldgd. Doc. Nos. 6, 7.)  A

18   certificate of appealability was issued only on the issue of whether petitioner was entitled to

19   equitable tolling.  (Id., Doc. No. 8.)

20       3.  On April 23, 2010, petitioner filed an appeal, which the Ninth Circuit Court of Appeals

21   denied on the merits in a memorandum decision issued July 15, 2011.  (Resp. Ldgd. Doc. No. 9.)

22       D.  Second Round of State Habeas Petitions

23       1.  On December 12, 2012, petitioner filed a new petition for writ of habeas corpus in the

24   Sacramento County Superior Court (Case No. 12HC00657), alleging newly discovered evidence,

25   which was denied on January 15, 2013.  (Resp. Ldgd. Doc. No. 10; Petition (ECF No. 1 at 6; Exh.

26

27   ———————————
     [1] The petition references exhibits that are not attached to the petition, specifically, Exhibits G
28   through K, N and O; Exhibit D appears to be included, but is not so designated.  These omissions
     are not material in resolving the instant motion.

3

1   2).)

2       2.  On March 15, 2013, petitioner filed a petition for writ of habeas corpus in the

3   California Court of Appeal, Third Appellate District (Case No. C073307), which was denied on

4   April 15, 2013.  (Resp. Ldgd. Doc. No. 11; Petition (ECF No. 1 at 6).)

5       3.  On April 25, 2013, petitioner filed a petition for writ of habeas corpus in the California

6   Supreme Court (Case No. S210246), which was denied on June 19, 2013 (Resp. Ldgd. Doc. No.

7   12; Petition (ECF No. 1 at 6).)

8       E.  Instant Federal Habeas Petition

9       On September 10, 2013, petitioner filed the instant petition for writ of habeas corpus.

10  (ECF No. 1.)  On November 5, 2013, respondent filed the pending motion to dismiss.

11  IV.  Legal Standards

12      The instant petition is subject to the provisions of the Antiterrorism and Effective Death

13  Penalty Act of 1996 (AEDPA).  See Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Under

14  AEDPA, a federal court must dismiss a second or successive petition unless the petitioner can

15  show that:  1) the claim rests on a new and retroactive constitutional right; or 2) the factual basis

16  of the claim was not previously discoverable through due diligence and the new facts establish,

17  by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder

18  would have found the applicant guilty of the underlying offense.  28 U.S.C. §§ 2244(b)(2)(A),

19  (B).[2]

20  _____

21  [2]  28 U.S.C. § 2244 provides in pertinent part:

22          . . . (b)(1) A claim presented in a second or successive habeas
            corpus application under section 2254 that was presented in a prior
23          application shall be dismissed.

24          (2) A claim presented in a second or successive habeas corpus
            application under section 2254 that was not presented in a prior
25          application shall be dismissed unless-

26          (A) the applicant shows that the claim relies on a new rule of
            constitutional law, made retroactive to cases on collateral review by
27          the Supreme Court, that was previously unavailable; or

28          (B) (i) the factual predicate for the claim could not have been
            discovered previously through the exercise of due diligence; and

The Court of Appeals is tasked with determining whether a successive petition meets these requirements.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  As explained by the Supreme Court:

> Title 28 U.S.C. §2244(b)(3)[] creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  §2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" §2244(b); §2244(b)(3)(C); see §§2244(b)(3)(B),(D).   Section 2244(b)(3)(E) specifies that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

Felker v. Turpin, 518 U.S. 651, 657 (1996).  Absent authorization from the Court of Appeals, the district court must dismiss a successive petition for lack of subject-matter jurisdiction.  Cooper v. Calderon, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

V.  Discussion

Petitioner concedes that his instant petition for writ of habeas corpus is "successive," within the meaning of 28 U.S.C. § 2244(b).  Petitioner's previous petition addressed on the merits in this court challenged the same conviction and sentence as that challenged in the instant case.  In Johnson v. Yates, Case No. 2:09-cv-0850 JAM GGH P, the district court dismissed the petition on the merits, finding that petitioner's claim of ineffective assistance of counsel was made beyond the statute of limitations, and that petitioner's factual innocence claims were without merit.  A certificate of appealability was issued only on the statute of limitations issue.  The Ninth Circuit

---

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

1   Court of Appeals affirmed, in a memorandum decision filed July 15, 2011, finding no merit to

2   plaintiff's equitable tolling claims.  See Johnson v. Yates, Court of Appeals Case No. 10-16177.

3   These decisions render successive the instant petition.

4          Petitioner also concedes that the instant petition was filed in this court without

5   authorization from the Ninth Circuit Court of Appeals.  Petitioner asserts that his "actual

6   innocence" claim presents an exception to this requirement, pursuant to the Supreme Court's

7   recent decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) (holding that a prisoner filing an

8   initial or first-time federal habeas petition can overcome the one-year statute of limitations in §

9   2244(d)(1), upon a showing of "actual innocence," under the standard established in Schlup v.

10  Delo, 513 U.S. 298, 326-27 (1995)).  Petitioner asserts that McQuiggan constitutes a new rule of

11  law authorizing a district court to address the merits of a factual innocence claim asserted in a

12  successive habeas corpus petition, without first obtaining authorization from the Court of

13  Appeals.[3]  However, petitioner concedes that he "cannot locate any binding case law discussing

14  the holding of McQuiggin as it relates to seeking leave from the Court of Appeals."  (ECF No. 16

15  at 5-6.)

16         There is no authority for petitioner's argument.  "Even if a petitioner can demonstrate that

17  he qualifies for one of these exceptions [set forth in 28 U.S.C. § 2244(b)(2)], he must seek

18  authorization from the court of appeals before filing his new petition with the district court.  28

19  U.S.C. § 2244(b)(3)."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

20         Accordingly, before petitioner can proceed with the instant petition, he must move, in the

21  United States Court of Appeals for the Ninth Circuit, for an order authorizing the district court to

22  consider the petition.  28 U.S.C. § 2244(b)(3).  For these reasons, the instant application should

23  be dismissed for lack of subject matter jurisdiction, without prejudice to its refiling should

24  petitioner obtain the requisite authorization.  Cooper, supra, 274 F.3d at 1274-75.

25  _____

26  [3] This argument is made for the first time in petitioner's opposition to the motion to dismiss.
    While McQuiggin is cited in the petition (see ECF No. 1 at 17, 21-2), it is relied on only as
27  additional support for the previously established "actual innocence gateway" for overcoming
    procedural obstacles on federal habeas, not in support of the argument that this determination can
28  be made by the district court in the first instance.

1   VI.  Conclusion

2        For the foregoing reasons, IT IS HEREBY ORDERED that:

3        1.  The order to show cause issued January 31, 2014 (ECF No. 15), is discharged.

4        In addition, IT IS HEREBY RECOMMENDED that:

5        1.  Respondent's motion to dismiss (ECF No. 12), be granted; and

6        2.  This action be dismissed without prejudice.

7        These findings and recommendations are submitted to the United States District Judge

8   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9   after being served with these findings and recommendations, petitioner may file written

10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

12  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

13  F.2d 1153 (9th Cir. 1991).

14  Dated:  February 26, 2014

15

16  /john1873.mtd.hc.succ

        KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                7